NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 10 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HOPE MEDICAL ENTERPRISES, INC.,
d/b/a Hope Pharmaceuticals,

Plaintiff-Appellee,

v.

FAGRON COMPOUNDING SERVICES,
LLC; et al.,

Defendants-Appellants.

No.  21-55165

D.C. No.
2:19-cv-07748-CAS-PLA

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted November 17, 2021
Pasadena, California

Before: RAWLINSON and LEE, Circuit Judges, and KENNELLY,** District
Judge.

Defendants Fagron Compounding Services, LLC, JCB Laboratories, LLC,

AnazaoHealth Corporation, and Coast Quality Pharmacy, LLC (collectively,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

"Fagron") appeal the district court's denial of their motion titled "Motion for Reconsideration of Order Granting Preliminary Injunction." We dismiss the appeal for lack of jurisdiction.

Under 28 U.S.C. § 1292(a)(1), we have interlocutory appellate jurisdiction over orders "refusing to dissolve . . . injunctions." This Court has previously explained that an order denying a motion to dissolve an injunction is appealable only if the motion "in substance is based on new circumstances that have arisen after the district court granted the injunction." *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Thus Fagron's appeal depends on whether its motion was based on new circumstances that arose after the district court granted the preliminary injunction.

Fagron presents two "new circumstances" that it contends satisfy the *Grunwald* test. First, Fagron cites several decisions issued in the *Nexus* cases, including *Nexus Pharmaceuticals Inc. v. Central Admixture Pharmacy Services Inc.*, No. 8:20-cv-01506-CJC-JDE (C.D. Cal. Oct. 29, 2020), in which a different judge in the Central District of California concluded that the plaintiff's state law claims were preempted by the Food, Drug, and Cosmetics Act. Second, Fagron points to a declaration, filed in the *Nexus* cases, from Maria Gozun, the Food and Drug Administration's (FDA) Acting Director of the Division of Compounded Drugs.

2

Neither the *Nexus* decisions nor the Gozun declaration constitute "new circumstances" sufficient to meet the *Grunwald* test. The *Nexus* decisions were not controlling authority; they were issued by a different district judge and thus were not binding on the district judge in this case. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation omitted). A non-binding decision by a judge at the same court level does not amount to a relevant "new circumstance."

Similarly, an agency declaration is not binding on district courts. Although the Supreme Court "has recognized that an agency regulation with the force of law can pre-empt conflicting state requirements," the Gozun declaration is not such a regulation. *See Wyeth v. Levine*, 555 U.S. 555, 576 (2009). "[A]n agency's mere assertion that state law is an obstacle to achieving its statutory objectives" is not a regulation that can preempt conflicting state requirements. *Id.*

Even if the Gozun declaration were binding, it does not constitute "new circumstances" that qualify under *Grunwald*. Part of the declaration addresses a type of drug compounding that is not at issue in this case. And the part of the declaration addressing bulk drug compounding facilities, like those operated by Fagron, states that the FDA has not changed and is not planning to change its regulations concerning such facilities.

3

Because Fagron's motion was not based on "new circumstances" satisfying the *Grunwald* test, the district court's decision is not appealable as an order refusing to dissolve a preliminary injunction under section 1292(a)(1).

**DISMISSED.**